CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 6 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY ADKINS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06-cv-00298 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OFFICER WILLIE TUCKER, et. al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Michael Anthony Adkins, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Adkins alleges that officers at the Danville City Jail have denied him appropriate medical care after he fell in the shower and injured himself somehow. He seeks monetary damages. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

I.

Adkins alleges the following sequence of facts from which his claims arise. On March 30, 2006, Adkins slipped on a piece of soap on the shower floor and fell, injuring himself. Officer Tucker "jerked" Adkins to his feet with no nurse present and put him in a holding cell for four hours before bringing him some ibuprofen. Adkins felt numbness in his legs. He asked Tucker when he would go to a hospital or get X-rays taken, Tucker said there was nothing wrong. On March 31 and April 1, and April 19, 2006, Adkins saw nurses in the cell block, and they gave him ibuprofen. They also

1

promised to have him brought back to the nurse's station, but did not do so. On April 6, 2006, Dr. Wayne examined Adkins. The doctor prescribed some muscle relaxant medication for Adkins and told him that if he was not better by the next visit, the doctor would order X-rays. Adkins had follow up visits with Dr. Wayne on April 11 and May 1, 2006, with the same results. The medication ran out on May 11, 2006. Dr. Wayne ignored Adkins' complaint that he had "sharp throbbing pain." The doctor did not order X-rays.

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999); Sheldon v. C/O Pezley, 49 F.3d 1312, 1316 (8th Cir. 1995). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment except in extraordinary circumstances. Wright v. Collins, 766 F.2d 841, 849 (4th Cir.

2

1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, mere malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

The Fourth Circuit Court of Appeals has held that to bring a medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Id.

III.

Under these principles, the court is satisfied that Adkins cannot prove facts consistent with his allegations to state any claim of constitutional deprivation. First, he does not allege facts indicating that the injury he suffered from slipping in the shower presented a serious medical need for different treatment than he received. The nurses who saw him in the three days after the accident provided him with ibuprofen for pain and arranged for him to see the doctor. Six days after the fall the doctor also decided that medication was sufficient treatment and took a wait-and-see approach regarding X-rays. Moreover, the nurses and other jail staff members rightly relied on Dr. Wayne to determine the appropriate treatment for Adkins's injury. Based on the foregoing, the court finds that plaintiff's complaint must be dismissed for failure to state a claim, pursuant to §1915A(b)(1).

As the court informed Adkins in the conditional filing order, negligent conduct is not enough to state an actionable claim against prison officials under § 1983. To the extent that Adkins seeks

3

to sue the defendants for negligence or any form of medical malpractice, his claims arise, if at all, under state law. As all the federal claims in the lawsuit will be dismissed, the court declines to exercise supplemental jurisdiction over any state law claims. See 28 U.S.C. § 1367(c). They, too, will be dismissed without prejudice. An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 26th day of June, 2006.

*/s/ James C. Turk*
Senior United States District Judge